I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-28-13

DEPUTY CLERK




**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN ELEBY, Plaintiff, vs. WARDEN THOMAS, Defendant. | Case No. CV 13-0531-CAS (JPR) ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Plaintiff filed pro se a civil rights action on February 8, 2013, and was granted leave to proceed in forma pauperis. Plaintiff raises claims against Warden Thomas of the Metropolitan Detention Center, in her individual and official capacities, for denial of medical care and deliberate indifference, in violation of his civil rights. Plaintiff seeks compensatory damages and injunctive relief.

After screening the Complaint in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A prior to ordering service, the Court finds that its claims fail to state civil rights violations upon which relief might be granted.

Because it appears to the Court that at least some of the deficiencies of the Complaint are capable of being cured by amendment, the Complaint is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear deficiencies cannot be cured by amendment). If Plaintiff desires to pursue this action, he is ORDERED to file within 28 days of the service date of this Order a First Amended Complaint ("FAC") remedying the deficiencies discussed below.

**STANDARD OF REVIEW**

The Court's screening of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012). Although a complaint need not include detailed factual allegations, it "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted).

## DISCUSSION

### I. Plaintiff incorrectly brings his complaint pursuant to § 1983 rather than Bivens

The Complaint, which alleges claims for deprivation of Plaintiff's constitutional rights against a federal official, is properly brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which allows a plaintiff to sue federal officers for civil rights violations under color of federal law. See, e.g., Carlson v. Green, 446 U.S. 14, 18, 100 S. Ct. 1468, 1471, 64 L. Ed. 2d 15 (1980) (explaining that "Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right"). Plaintiff, however, has incorrectly checked the box on the Civil Rights Complaint form indicating he brings this action

pursuant to 42 U.S.C. § 1983, which applies only to suits against state officials. See West v. Atkins, 487 U.S. 42, 48-49, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988) (§ 1983 applies to claims of deprivation of constitutional rights "committed by a person acting under color of state law"). Assuming Plaintiff continues to allege claims against the same Defendant, who is a federal official, or against any other employees of the federal Metropolitan Detention Center, Plaintiff should be sure to indicate that he brings this action pursuant to Bivens.

**II. Plaintiff has failed to state a deliberate-indifference claim against Defendant in her individual or official capacity**

A. Individual Capacity

The Eighth Amendment prohibition against cruel and unusual punishment encompasses the government's obligation to provide adequate medical care to prisoners. Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976); cf. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010) (noting that deliberate-indifference claim by pretrial detainee governed by due process clause of 14th Amendment, but "same standards" as in Eighth Amendment cases apply). In order to establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). A "serious" medical need arises when failure to treat the plaintiff could result in further serious injury or the "unnecessary and wanton infliction of pain." Gamble, 429 U.S. at 104.

Deliberate indifference requires "a state of mind more blameworthy than negligence," and the defendant acts with deliberate indifference only if he knows of and recklessly disregards the serious medical risk. Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In particular, deliberate indifference may be manifested by the intentional denial or delay of, or interference with, the plaintiff's medical care, or by the manner in which the medical care was provided. Gamble, 429 U.S. at 104-05. The defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Here, Plaintiff has failed to allege that Defendant (or anyone else, for that matter) was deliberately indifferent to his medical needs. Instead, Plaintiff alleges that Defendant, in her position as warden, was somehow responsible for "neglect" of his requests for surgery on his broken arm. (See Compl. at 5-6.) Plaintiff does not allege that Defendant took any affirmative action to deny him medical care or even knew of the alleged denial. (See id.) The allegations of the Complaint thus at most show that Defendant was negligent, which is insufficient to state a claim for deliberate indifference. See Farmer, 511 U.S. at 835; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (prison official deliberately indifferent only if official knows of and disregards excessive risk to inmate's health or safety; mere negligence does not constitute deliberate indifference). Thus, Plaintiff has failed to state a deliberate-indifference

claim against Defendant in her individual capacity.

B. Official Capacity

Plaintiff has also sued Defendant in her official capacity. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); see also Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Under Bivens, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. A government official "may not be held liable for the unconstitutional conduct of [her] subordinates under a theory of respondeat superior." Id.

Plaintiff has not properly alleged any official-capacity claims. Plaintiff has not alleged that Defendant herself acted to violate Plaintiff's rights, or that she even knew about Plaintiff's situation. See Iqbal, 556 U.S. at 676. To the extent Plaintiff's claims against Defendant are premised on her responsibility for supervising subordinate employees, Plaintiff may not sue Defendant on a theory of respondeat superior. See id.

In any event, to the extent Plaintiff sues Defendant in her official capacity, Plaintiff's official-capacity suit is under Graham properly treated as a suit against the Metropolitan Detention Center and by extension the Federal Bureau of Prisons. But neither a particular federal correctional facility nor the

Federal Bureau of Prisons itself is a "person" who can be sued under Bivens. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72, 122 S. Ct. 515, 522, 151 L. Ed. 2d 456 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity[;] [he] may not bring a Bivens claim against the officer's employer, the United States, or the BOP."). Thus, Plaintiff's official-capacity claims against Defendant as the Warden of the Metropolitan Detention Center must be dismissed.

******************

If Plaintiff desires to pursue any of the claims in the Complaint, he is ORDERED to file a First Amended Complaint within 28 days of the service date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document. **Plaintiff is admonished that if he fails to timely file a FAC, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: February 28, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE